UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>BRENDAN JULIO VALLIN,<br>Defendant. | Case No. 3:17-cr-0057-MMD-VPC<br><br>ORDER |

### I. SUMMARY

Before the Court is Defendant Brendan Julio Vallin's motion in limine. (ECF No. 28.) The Court has reviewed the government's response (ECF No. 29) and Vallin's reply (ECF No. 32.)

Vallin seeks to exclude evidence relating to his (1) parole status, (2) purported gang affiliation, and (3) prior contacts with police. (ECF No. 28 at 3.) In the alternative, Vallin requests a pretrial hearing under Fed. R. Evid. 104 to determine whether such evidence is admissible. (*Id.* at 4-7.) The government responds that it will not seek to introduce evidence relating to the first two categories as part of its case-in-chief. (ECF No. 29 at 1-2.) Accordingly, Vallin's motion as to the first two categories will be denied as moot. The Court will address the main evidence that is in dispute—evidence relating to Vallin's prior contacts with police—which apparently consists of contact with Officer Michael Harding of the Reno Police Department.

### II. BACKGROUND

Vallin is indicted on one count of felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 3 at 1.) The indictment arises from the following

facts: Officer Harding was driving down Gentry Way in Reno on July 3, 2017, around 9:30 p.m., when he saw a man he believed to be Vallin. (ECF No. 28 at 2.) Officer Harding and another officer pursued the man and saw the man drop a handgun. (*Id.*) Vallin was later arrested based on the assumption that he was the man who dropped the handgun. (*See id.*) One of the primary questions of fact for the jury likely will be whether the man who dropped the firearm was in fact Vallin.

**III.    DISCUSSION**

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). It is a preliminary motion that is entirely within the discretion of the Court. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984). In limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

Vallin argues that Officer Harding's testimony identifying Vallin as the man who dropped the firearm is inadmissible under Fed. R. Evid. 401, 402, and 403. (ECF No. 28 at 1, 4.) The relevance objection is tenuous at best. Vallin argues that Officer Harding's testimony about prior contacts with him is not relevant to any elements of the offense. (*Id.* at 4.) While this may be true, Officer Harding's identification of Vallin as the person who possessed the firearm in question is probative. Without that testimony, there seems to be nothing connecting Vallin to the offense.

As for Vallin's objection under Rule 403, Vallin essentially argues that because the extent of Officer Harding's prior contacts with Vallin is not clear from the police report, any probative value is substantially outweighed by a danger of unfair prejudice. (ECF No. 32 at 5.) Vallin also contends that prior contacts with police imply past wrongdoing and amount to inadmissible character evidence under Rule 404(a). (ECF No. 28 at 4.)

///

Lay opinion identification testimony by law enforcement "is not to be encouraged, and should be used only if no other adequate identification testimony is available to the prosecution." *United States v. Butcher*, 557 F.2d 666, 670 (9th Cir. 1977). The rule favors admissibility in this case—there is no contention that other adequate identification evidence (e.g., surveillance camera or photographs) is available here.

Moreover, the rule announced in *Butcher* arose out of two concerns, one of which is absent here. The first concern was that law enforcement testimony was superfluous because surveillance photographs were part of the evidence in *Butcher*—the jury did not need law enforcement testimony to determine the identity of the defendant. *See id.* at 669. Here, Officer Harding's testimony is not superfluous because it seems to be the only basis for asserting that Vallin is the man he saw drop the gun.

The second concern was that law enforcement testimony, even if relevant, could be substantially outweighed by the danger of unfair prejudice under Fed. R. Evid. 403. *Id.* Here, that concern is present but does not preclude admissibility. The probative value of Officer Harding's identification testimony is high because it likely is the only evidence that will link Vallin and the man who dropped the gun. Officer Harding's report states that he "know[s] Vallin from multiple previous contacts with him while working in the Regional Gang Unit." (ECF No. 29-1 at 4.) While the report does not identify the frequency or extent of previous contacts, the lack of such information does not affect admissibility.[1] The extent and frequency of the contacts instead go to the weight of Officer Harding's testimony. The danger of unfair prejudice is also fairly high because Officer Harding's prior contacts with Defendant occurred during Officer Harding's time on the Regional Gang Unit. To mitigate the danger of unfair prejudice to Vallin and to address Vallin's Rule 404(a) objection, the Court will preclude Officer Harding from offering testimony relating to (1) the particular unit—Regional Gang Unit—that he worked on when he encountered Vallin and (2) the circumstances of those encounters. Officer Harding may testify as to the number,

///

---

[1] For this reason, the Court finds that a pretrial hearing is unnecessary.

frequency, and duration of his previous interactions with Vallin that enabled him to identify Vallin as the man who dropped the firearm on July 3, 2017.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Vallin's motion.

It is therefore ordered that Defendant's motion in limine (ECF No. 28) is denied in part and granted in part. It is denied as moot with respect to evidence relating to Vallin's parole status and purported gang affiliation. It is granted as to evidence of Vallin's prior police contacts, except that Officer Harding may testify as to the number, frequency, and duration of his previous interactions with Vallin.

DATED THIS 23rd day of March 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE